SULLIVAN, Senior Judge
(concurring in the result):
Preliminarily, I note that the premise of appellant’s argument in this case is that his status as a person subject to the Uniform Code of Military Justice at the time of the offense was an element of the offense for which he was found guilty. See United States v. McDonagh, 14 MJ 415, 422 (CMA 1983) (Everett, C.J.); United States v. Ornelas, 2 USCMA 96, 6 CMR 96 (1952). No legal authority has been provided for appellant’s premise, but instead, it is based on his view of language in Article 132, UCMJ. His view of this statute is not supported by the President’s explanation of this offense in paragraph 58, Part IV, Manual for Courts-Martial, United States (1998 ed.), and paragraph 211, Manual for Courts-Martial, United States, 1969 (Rev. ed.) and 1951, nor by our case law. See United States v. Steele, 2 USCMA 379, 9 CMR 9 (1953); United States v. Perry, 45 MJ 339 (1996); cf United States v. Prentiss, 256 F.3d 971, 981-85 (10th Cir. 2001).
With regard to the substance of the jurisdictional issue before us, my view is that the undisputed facts in the record decide this case. Trial counsel, defense counsel, and appellant all clearly indicated on the record that appellant was a reservist on active duty (by reason of a medical hold) at the time of the offenses and at the time of the trial. (R. 42, 99, 101, 189, 191-92) Accordingly, this record was sufficient to establish court-martial jurisdiction. See United States v. Wilson, 53 MJ 327, 329-30 (2000); United States v. Self, 13 MJ 132, 135 (CMA 1982); see generally United States v. Meadows, 13 MJ 165, 168 n. 4 (CMA 1982). The post-trial evidence submitted by the Government, and uncontroverted by appellant, reaffirms this point.